IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REVA JANE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-CV-06057-MDH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Reva Jane Young's ("Plaintiff's") appeal of Defendant Social Security Administration Commissioner's ("Defendant's") denial of her application for supplemental income benefits under the Social Security Act ("the Act"). Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision did not comport with the required legal standards and therefore lacks sufficient evidence. The decision is reversed and remanded.

## BACKGROUND

Plaintiff protectively filed her application for supplemental security income benefits August 7, 2019. Plaintiff alleged an onset disability date of August 7, 2019. Following a hearing, the ALJ denied Plaintiff's claim on September 27, 2021, finding that Plaintiff is not disabled for purposes of the Act. The Appeals Council declined review of the ALJ's decision on April 25, 2022. Plaintiff then filed the present matter May 18, 2022, challenging the ALJ's decision. The ALJ's

1

decision is accordingly the final decision of the Commissioner, over which this Court has judicial review. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff alleges disability based on a variety of conditions including post-traumatic stress disorder (PTSD), depression, schizophrenia, bipolar disorder, chronic obstructive pulmonary disorder (COPD), right ankle pain, and burns on back and shoulders. (Doc. 10-7 at 24). The ALJ found Plaintiff to have the following severe impairments: obesity; COPD; right ankle fracture status post open reduction internal fixation; PTSD; impulse disorder; bipolar II disorder; borderline personality disorder; and substance abuse disorder. (Doc 10-3 at 16). The ALJ also found Plaintiff has the residual functioning capacity (RFC) to perform medium work as defined by 20 CFR 416.967(c) with additional limitations. (Doc. 10-3 at 21). The ALJ also found Plaintiff has no relevant work experience and an eighth-grade education. Relying on testimony from a vocational expert, the ALJ concluded Plaintiff would be able to perform requirements of jobs like linen room attendant and counter supply worker. (Doc. 10-3 at 30).

Plaintiff argues the ALJ's decision must be reversed for two reasons. First, substantial evidence does not support a finding that Plaintiff lacks a disability. Specifically, Plaintiff argues, *inter alia*, that the ALJ's RFC lacks a finding that Plaintiff can carry out only very short and simple instructions, even though such limitations appeared in the medical opinions of Drs. Skolnick and Bucklew, who examined Plaintiff in 2020. Had the RFC included such a limitation, Plaintiff argues, jobs identified by the vocational expert would have been unavailable. Plaintiff also claims that the ALJ erred by failing to explain why she disregarded any finding by Drs. Skolnick and Bucklew as to simple versus detailed instructions. Second, Plaintiff contends the ALJ applied improper legal standards in concluding Plaintiff does not suffer disability for purposes of the Act. Specifically, Plaintiff argues in identifying jobs available to Plaintiff, the ALJ relied on testimony

from the vocational expert at odds with the Dictionary of Occupational Tiles (DOT). Discrepancy between the DOT and the vocational expert testimony, Plaintiff argues, requires reversal because testimony from the vocational expert informed the ALJ's conclusions about available employment. As to the first point, Defendant contends generally that substantial evidence supports the ALJ's decision making. Regarding the second, Defendant concedes that fundamental discrepancies exist between, the vocational expert's testimony and the DOT as to two jobs: counter supply worker and order filler. Defendant further argues no such discrepancy exists with respect to a third job referenced by the ALJ, linen room attendant. This lack of discrepancy and the widespread nature of the linen room attendant job, Defendant contends, even without the other proposed jobs, supports affirming the ALJ's decision.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the

Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Dr. Skolnick's assessment of Plaintiff is dated January 10, 2020 and concluded in relevant part that Plaintiff is moderately limited in her ability to understand, remember, and follow detailed instructions and remains limited to understanding, remembering, and following only simple instructions. (Doc. 10-4 at 15-16). Dr. Bucklew's assessment of Plaintiff is dated June 2, 2020 and likewise reached the same conclusion regarding Plaintiff's ability to understand, remember, and follow simple versus detailed instructions. (Doc. 10-4 at 34).

The ALJ found the opinions of these medical providers to be persuasive. (Doc. 10-3 at 27). The ALJ specifically acknowledged and discussed Drs. Skolnick and Bucklew's findings regarding Plaintiff's ability to understand, remember, and follow only simple, not detailed, instructions. (Doc. 10-3 at 27). Nonetheless, the ALJ's RFC fails to include as a special condition

anything regarding Plaintiff's ability to understand, remember, and follow only simple instructions. This in turn appears to have impacted some of the specific occupations identified by the vocational expert as potentially obtainable. The occupation of counter supply worker, for example, is a level-two reasoning job, which, according to the DOT, requires an ability to understand and carry out detailed but uninvolved instructions. On the other hand, level-one reasoning jobs require an ability to comprehend and implement only simple, one and two-step instructions.

Defendant argues that to "narrow the focus to R1 jobs, the ALJ must specify one and two-step instructions, which did not happen here." (Doc. 13 at 5). *See Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 559 (8th Cir. 2018) (limiting available employment to level-one reasoning jobs requires ALJ to find plaintiff can engage with only simple, one or two-step instructions). While Defendant is correct, the issue is that the ALJ appears to have adopted medical opinion that specifically limits Plaintiff to simple one and two-step instructions, but has failed to explain why some of the jobs recommended in the RFC require engaging with at least detailed instructions. In other words, it is not necessarily troublesome on its own that the ALJ has selected representative jobs that require level-three reasoning skills. Rather, it is problematic that the ALJ adopted medical evidence that specifically limited Plaintiff to understanding and following simple instructions, and then failed to explain why some of the representative jobs discussed required higher-level reasoning skills. Social Security Ruling 96-8p specifically requires the ALJ to explain how any material inconsistencies or ambiguities were considered and resolved in formulating the RFC. Here, the ALJ's RFC included no such discussion. It is plain that this inconsistency is material insofar as it directly impacted the specific jobs the vocational expert identified as available to

5

Case 5:22-cv-06057-MDH   Document 15   Filed 09/28/23   Page 5 of 8

Plaintiff. This failure to explain the departure constitutes reversible error and further indicates a lack of substantial evidence supports the ALJ's findings as to available employment.

As to Plaintiff's argument that the ALJ has applied inappropriate legal standards at step five of the analysis, Defendant concedes that "fundamental discrepancies" exist between, on one hand, the DOT's definitions, and on the other, the vocational expert's testimony. (Doc. 13 at 1). Specifically, counter supply worker requires the ability to frequently stoop, though the ALJ limited Plaintiff to occasional stooping at most. (Doc. 10-3 at 21).[1] While Defendant concedes discrepancies between the DOT and the vocational expert testimony exist for counter supply worker, Defendant also argues no such discrepancies exist for linen room attendant. Accordingly, "because the ALJ identified a job consistent with the DOT description and the vocational expert's testimony", Defendant asks this Court to affirm the ALJ's decision. (Doc. 13 at 16).

It remains unclear, however, that no such discrepancies exist with respect to linen room attendant. According to the DOT, for example, linen room attendant is a reasoning level-three job, requiring employees to deal with "problems involving several concrete variables in or from standardized situations." The record lacks discussion explaining how this higher-level reasoning proves consistent with the ALJ's finding that Plaintiff is limited to simple, routine, and repetitive duties with little or no change. (Doc. 10-3 at 21). Nor is there discussion as to how the ALJ resolved conflict between reasoning required for linen room attendant employment and reasoning skills available to Plaintiff. This absence is particularly obvious, given the ALJ's adequate discussion of conflict between the vocational expert's testimony as to the physical demands of employment as

---

[1] Defendant also concedes fundamental discrepancies exist between the vocational expert's testimony and the RFC as to order filler, ostensibly related to the stooping job requirements. (Doc. 13 at 1.) The ALJ, however, appears to have identified the order filler discrepancies and excluded that particular job from her finding that sufficient jobs exist in the national economy. (Doc. 10-3 at 30). The ALJ's conclusions regarding job sufficiency appear related only to linen room attendant and counter supply worker. (Doc. 10-3 at 30).

6

Case 5:22-cv-06057-MDH   Document 15   Filed 09/28/23   Page 6 of 8

an order filler and the DOT's definition of that job. Social Security Ruling 00-4p provides that "adjudicators may not rely on evidence provided by a [vocational expert], or other reliable source of occupational information if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions." The ruling also indicates that when an apparent conflict exists between the occupational evidence provided by the vocational expert and the DOT, the ALJ must explain the conflict before concluding the plaintiff is disabled. Because the vocational expert's testimony appears at odds with DOT definitions and the ALJ failed to account for this conflict, the ALJ cannot rely on the vocational expert's testimony to conclude Plaintiff is disabled for purposes of the Act. "If there is an unrecognized, unresolved, and unexplained conflict between the VE's testimony and the DOT, the VE's testimony cannot provide substantial evidence to support the ALJ's disability determination." *Bray v. Colvin*, 2013 WL 6510743, at * 2 (W.D. Mo. Dec. 12, 2013) (internal citations omitted).

## CONCLUSION

Accordingly, it is **ORDERED** that the case be remanded for a new administrative hearing and the Commissioner's determination denying Plaintiff's application for disability insurance benefits is reversed. On remand, the ALJ is required to comply with SSR 96-8p with respect to explaining why the ALJ found unpersuasive medical opinion evidence from Drs. Skolnick and Bucklew as to Plaintiff's ability to follow only simple instructions. The ALJ is also required to comply with SSR 00-4p with respect to conflict between vocational expert testimony and DOT definitions.

7

**IT IS SO ORDERED.**

Dated: September 28, 2023 　　　　　　　　　　　　　　 _/s/ Douglas Harpool_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**